# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**AGGIE EDDINGBROUGH,**                      **PLAINTIFF,**

**VS.**                      **CIVIL ACTION NO. 2:04CV334-P-B**

**ROBINSON PROPERTY GROUP,**
**LP; AND JOHN AND JANE DOE,**                      **DEFENDANTS.**

## ORDER OF REMAND

This matter comes before the court upon Plaintiff's Motion to Remand [6-1]. Upon due consideration of the motion, the response filed thereto, the court finds as follows, to-wit:

The plaintiff, a resident of Tennessee, filed her Complaint on June 28, 2004 in the Circuit Court of Tunica County, Mississippi against Robinson Property Group, LP, a resident of Mississippi. On July 16, 2004, the plaintiff filed an Amended Complaint in the Circuit Court of Tunica County, Mississippi in which she seeks compensatory and punitive damages for personal injuries in an unspecified amount.

On September 17, 2004, the plaintiff submitted her responses to the defendants' interrogatories. In Interrogatory Number 4, she was asked to "Identify and itemize each and every medical and hospital bill or expense for which you are making a claim in this lawsuit ...." In response, the plaintiff listed a total of $53,658.00 for past and future medical expenses. In Interrogatory Number 5, the plaintiff was asked if she had "incurred any expenses or sustained any financial or other loss, including, but not limited to, loss of income, which you attribute to the occurrence involved in this lawsuit ...." In response, the plaintiff answered:

> I have not been able to work because of the pain. I am self employed, but I am salary [sic]. My incurred expenses are: (1) part time driver, $100 a week; (2) loss of

business, $75,000; (3) loss of income, $1,000.00 a week equaling $30,000.00. I will lose $1,000.00 a week while in rehabilitation for the surgery.

On November 11, 2004, the defendants removed this action to federal court, citing diversity jurisdiction and an amount in controversy over $75,000.00. On December 17, 2004, the plaintiff filed a motion to remand in which she argues that the removal was untimely since the 30-day deadline pursuant to §1404(b) passed on October 18, 2004 – thirty days after she filed her responses to interrogatories on September 17, 2004. The defendants counter that they were not reasonably informed of the amount of controversy until the plaintiff served her responses to their Requests for Admissions on November 1, 2004, therefore rendering their removal on November 11, 2004 timely under §1404(b) . Defendants' Request No. 1 asked the plaintiff to "Admit that the amount of damages which you are seeking in this case, exclusive of attorney's fees, interests [sic] and costs is less than $75,000." In response, the plaintiff answered: "Denied, it is apparent from the answers to interrogatories that the sum of purely economic damages claimed exceeds $75,000.00."

Upon consideration of the matter, the plaintiff is correct that she clearly and reasonably informed the defendants that the amount in controversy well exceeded the jurisdictional amount of $75,000 on September 17, 2004 in her responses to interrogatories. Therefore, the court concludes that the removal was untimely.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion to Remand [6-1] is **GRANTED**; therefore,

(2) This case is **REMANDED** to the Circuit Court of Tunica County, Mississippi from whence it came; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 16th day of May, A.D., 2006.

                                      /s/ W. Allen Pepper, Jr.
                                      W. ALLEN PEPPER, JR.
                                      UNITED STATES DISTRICT JUDGE